# EXHIBIT A
# Birrer Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| TWYLA SANDOLPH, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | **CA-6:19-cv-00516-ADA-JCM (Jury)** |
| MARTIN MARIETTA | § | |
| MATERIALS INC., | § | |
| | § | |
| *Defendant* | § | |

## DECLARATION OF MIKE BIRRER

1.      My name is Mike Birrer. I am a partner at the law firm of Carrington, Coleman, Sloman & Blumenthal, LLP in Dallas, Texas. I have been licensed since 1992. Since I began practicing law, I have primarily been engaged in employment-related litigation matters, as well as counseling on employment-related matters.

2.      I am the lead attorney for Defendant Martin Marietta Materials, Inc. in the above-styled case. Through my representation of Martin Marietta, I have personal knowledge of the facts stated here, which are true and correct.

3.      This case was set for trial on July 5, 2023. My co-counsel, Parker Graham, and I drove from Dallas to Waco on July 4, 2023 to prepare for the trial. Martin Marietta's Client Representative and its Assistant General Counsel traveled from Raleigh, North Carolina to Waco on July 5 for the trial. Thirty-three people appeared to serve as potential jurors.

4.      Before trial started on July 5, 2023, at approximately noon, the Court's staff provided "tech time" training to counsel for both parties. During tech time, the Court's staff instructed all counsel that before an exhibit could be shown to the jury, counsel must first offer it for admission and the Court must admit the exhibit into evidence. The Court's staff also explained

1

that the jurors' computer monitors would not display any exhibits until after the Court admitted the exhibit.

5.      Plaintiff did not disclose or produce the lewd figurine to Martin Marietta in discovery. During the hearing on the oral motion for mistrial, counsel for Plaintiff argued that the existence of the actual doll was disclosed in discovery and specifically in response to the request for production of documents.  Trans. v. 2, 235:22-24, 236:25-237:12. Counsel also stated, "if I'm not mistaken, in the discovery answer which I provided to defense counsel, I did list the doll …[a]nd I said it's available for inspection at my office." Trans. v. 2, 235:3-6.  Attached as **Exhibit 1** is a true and correct copy of Plaintiff Twyla Sandolph's Rule 26(a) Disclosures. Attached as **Exhibit 2** is a true and correct copy of Plaintiff's First Supplemental Rule 26(a) Disclosures. Attached as **Exhibit 3** is a true and correct copy of Plaintiff's Responses to the First Request for Production of Documents of Defendant Martin Marietta Materials, Inc. None of these discovery documents disclosed or offered for production (or inspection) the lewd figurine.

6.      Counsel for Plaintiff did not make the lewd figurine available to me or my co-counsel on or before the date the joint pretrial order was due. During the hearing on the oral motion for mistrial, counsel for Plaintiff contended that the actual figurine may have been produced during Plaintiff's deposition. Trans. v. 2, 236:13-19. It was not.  I have reviewed the deposition transcript when Plaintiff was deposed at counsel for Plaintiff's office. Nothing in the transcript supports counsel's assertion that the figurine was produced at the deposition. Page 79 of Plaintiff's deposition (a true and correct copy is attached as **Exhibit 4**) supports that Plaintiff had produced a picture of the doll in discovery—not the doll itself:

**17    Q.   And when was the last time?**
18     A.   The last time had to be -- may have been in
19   2018.  This -- this was around the time he gave me the
20   Mardi Gras object.

**21      Q.   And is that the -- the anatomically correct**
**22   doll that you've given a picture of in your --**
23      A.   Yes.
**24      Q.   -- discovery?  Okay.**

7.      I am familiar with the reasonable and customary fees charged for services on litigation matters in Texas like the underlying lawsuit in general and in Texas federal courts in particular. I am also familiar with reasonable and customary fees for services and attorney's fees in cases similar to the case at bar. The fees charged in this case are based upon the experience, reputation, and ability of the attorney performing the services, and the amount in controversy. The nature of the work performed by the attorneys and paralegals and the rates charged in my opinion are customary and reasonable for such work done in Texas. My reasonable hourly rate is $700. Mr. Graham's reasonable hourly rate $550. As noted on the fee statement, Martin Marietta receives a 10% discount.

8.      Between July 5, 2023 to July 6, 2023, Martin Marietta incurred $20,884.50 in reasonable and necessary attorney's fees (at the discounted rate).  Attached as **Exhibit 5** is a breakdown of the hours billed for each day and totals (which I incorporate here by reference).  In addition, reasonable travel-related expenses for Carrington Coleman were $1,133.10.   This included meals, hotel rooms, and travel. Based on my review of billing details, the roundtrip airfares for Malcolm Cox (Martin Marietta's in-house counsel) and Kate Gallagher (formerly Glaze) (Martin Marietta's client representative) totaled $1,105.82 and their hotel rooms totaled $815.35.   Accordingly, reasonable attorneys' fees plus reasonable travel expenses **total $23,938.77**.

I declare under penalty of perjury that the facts set forth in the foregoing declaration are within my personal knowledge and are true and correct.

Signed on this 8__ st day of July 2023.

_____

Mike Birrer

# EXHIBIT 1

# PETER COSTEA

ATTORNEY AT LAW
4544 POST OAK PLACE, SUITE 350
HOUSTON, TEXAS  77027

PHONE: 713/337-4304                                          FAX:  713/513-5720

March 16, 2020

Mr. Mike Birrer                                  Via Facsimile Transmission
Carrington Coleman LLP                              214-855-1333
901 Main Street, Suite 5500
Dallas, Texas 77202

      Re.:    Cause Nr.: 6:19-cv-00516; Twyla Sandolph v. Martin Marietta Materials, Inc.; In
the United States District Court for the Western District of Texas; Waco Division

Dear Mr. Birrer:

      I am faxing Plaintiff's Rule 26(a) Disclosures.

      Thank you for your courtesies.

                           Very truly yours,

                           Peter Costea

encl.
PC/my

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TWYLA SANDOLPH, | S | |
| Plaintiff | S | |
| | S | |
| v. | S | |
| | S | CA-6:19-cv-00516-ADA-JCM (Jury) |
| MARTIN MARIETTA MATERIALS, | S | |
| INC., | S | |
| Defendant | S | |

## PLAINTIFF'S RULE 26(a) DISCLOSURES

TO:   Defendant, Martin Marietta Materials, Inc., by and through its Attorney of
      Record, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP, 901
      Main Street, Suite 5500, Dallas, Texas 75202.

Plaintiff makes the following Disclosures to the Defendant pursuant to Federal Rule of

Civil Procedure 26(a).

I.

## Persons with Knowledge of Relevant Facts

Twyla Sandolph
c/o Peter Costea
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304

Twyla Sandolph is the Plaintiff. She has knowledge of facts which substantiate her
claims, damages, and entitlement to relief.

Manuel Alaniz
Mike Campbell
Alvin Chappelle
Malinda Feola
Vincent Henderson
Joe Hernandez
Roy Jackson
Scott Pitre
Corey Pitts
Joseph Rohman

Page 2

      Carlos Salazar
      Darren Williams
      Tony Williams
      Brandon (LNU)
      Carlos (LNU)
      Cassandra (LNU)
      Chavez (LNU)
      Gomez (LNU)
      Griff (LNU)
      Malinda (LNU)
      Omar (LNU)
      Ramirez (LNU)
      Red (LNU)
      Wade (LNU)
      Martin Marietta Materials, Inc.
      7901 Fish Pond Road
      Waco, Texas 76710
      Tel.  254-772-9992

These individuals are current or former employees of the Defendant who worked with the Plaintiff, and/or subjected the Plaintiff to discrimination, sexual harassment, or retaliation. They have knowledge of facts which support Plaintiff's claims, damages, and entitlement to relief.

II.

Relevant Records

Plaintiff has possession and custody of the following relevant documents: (1) EEOC / TCHR records; (2) text messages; and (3) Defendant's employee handbook.

III.

Insurance

Not relevant to the Plaintiff.

IV.

Damages

Currently, Plaintiff seeks the following categories of damages: (1) **Lost wages** in an amount to be determined after completion of discovery based on documents to be obtained from Defendant. (2) **Compensatory damages** in an amount to be determined by the jury in trial; (3)

Page 3

**Punitive damages** in an amount to be determined by the jury in trial; (4) Reasonable and necessary **attorney's fees** at $450.00/hour; and (5) **Interest** and taxable **costs**.

Respectfully submitted,

BY: _____
Peter Costea
TBN 04855900
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304
Fax 713-237-0401
Email: peter@costealaw.com
ATTORNEY FOR PLAINTIFF
TWYLA SANDOLPH

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2020 I faxed a true and correct copy of the foregoing pleading to counsel for Defendant, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP, 901 Main Street, Suite 5500, Dallas, Texas 75202.

_____
Peter Costea

# Fax Send Confirmation

| | |
|---|---|
| Date/Time | : MAR-16-2020 12:03PM MON |
| Model Name | : SL-C1860FW |
| Machine Serial Number | : 076ZBJFH9000PKH |
| Host Name | : SEC30CDA7F58B5E |

| No | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 032 | 12148551333 | 03-16 12:02PM | 00'00 | ECM | 000/004 | Cancelled |

*Number is*
*"unallocated"*

# EXHIBIT 2

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TWYLA SANDOLPH,<br>Plaintiff | S<br>S<br>S | |
| v. | S<br>S | |
| | S | CA-6:19-cv-00516-ADA-JCM (Jury) |
| MARTIN MARIETTA MATERIALS,<br>INC.,<br>Defendant | S<br>S<br>S | |

<u>PLAINTIFF'S FIRST SUPPLEMENTAL RULE 26(a) DISCLOSURES</u>

TO:   Defendant, Martin Marietta Materials, Inc., by and through its Attorney of
       Record, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP, 901
       Main Street, Suite 5500, Dallas, Texas 75202.

Plaintiff makes the following First Supplemental Disclosures to the Defendant pursuant

to Federal Rule of Civil Procedure 26(a).

I.

<u>Persons with Knowledge of Relevant Facts</u>

Twyla Sandolph
c/o Peter Costea
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304

Twyla Sandolph is the Plaintiff. She has knowledge of facts which substantiate her
claims, damages, and entitlement to relief.

Manuel Alaniz
Mike Campbell (Waco, Texas, Tel. 254-301-5262)
Alvin Chappelle
Malinda Feola
Vincent Henderson
Joe Hernandez
Roy Jackson (Waco, Texas, Tel. 254-424-8833)
Dennis Minor (Waco, Texas, Tel. 254-339-9101)
Chris Moore (Waco, Texas, Tel. 254-733-8623)
Scott Pitre

Page 2

       Corey Pitts
       Joseph Rohman
       Carlos Salazar
       Darren Williams
       Tony Williams (Waco, Texas, Tel. 254-405-1993)
       Brandon (LNU)
       Carlos (LNU)
       Cassandra (LNU)
       Chavez (LNU)
       Gomez (LNU)
       Griff (LNU)
       Malinda (LNU)
       Omar (LNU)
       Ramirez (LNU)
       Red (LNU)
       Wade (LNU)
       Martin Marietta Materials, Inc.
       7901 Fish Pond Road
       Waco, Texas 76710
       Tel.  254-772-9992

These individuals are current or former employees of the Defendant who worked with the Plaintiff, and/or subjected the Plaintiff to discrimination, sexual harassment, or retaliation. They have knowledge of facts which support Plaintiff's claims, damages, and entitlement to relief.

II.

<u>Relevant Records</u>

Plaintiff has possession and custody of the following relevant documents: (1) EEOC / TCHR records; (2) text messages; and (3) Defendant's employee handbook.

III.

<u>Insurance</u>

Not relevant to the Plaintiff.

IV.

<u>Damages</u>

Currently, Plaintiff seeks the following categories of damages:

Page 3

(1)   **Lost wages** in an amount to be determined after completion of discovery based on documents to be obtained from Defendant. Currently, however, Plaintiff claims $855 in retaliation damages. This amounts corresponds to the three (3) days of suspension given the Plaintiff after she complained of sexual harassment. Plaintiff earned, on average, about $285 a day. Plaintiff will supplement this discovery item once the unlawful termination of employment claim is added to the suit, following the exhaustion of administrative remedies before the EEOC.

(2)   **Compensatory damages** in an amount to be determined by the jury in trial;

(3)   **Punitive damages** in an amount to be determined by the jury in trial;

(4)   Reasonable and necessary **attorney's fees** at $450.00/hour; and

(5)   **Interest** and taxable **costs**.

Respectfully submitted,

BY:

Peter Costea
TBN 04855900
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304
Fax 713-237-0401
Email: peter@costealaw.com
ATTORNEY FOR PLAINTIFF
TWYLA SANDOLPH

CERTIFICATE OF SERVICE

I certify that on April 24, 2020 I faxed a true and correct copy of the foregoing pleading to counsel for Defendant, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP, 901 Main Street, Suite 5500, Dallas, Texas 75202.

Peter Costea

# EXHIBIT 3

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TWYLA SANDOLPH, | S | |
| Plaintiff | S | |
| | S | |
| v. | S | |
| | S | CA-6:19-cv-00516-ADA-JCM (Jury) |
| MARTIN MARIETTA MATERIALS, | S | |
| INC., | S | |
| Defendant | S | |

<u>PLAINTIFF'S RESPONSES TO THE FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS OF DEFENDANT MARTIN MARIETTA MATERIALS, INC.</u>

TO:    Defendant, Martin Marietta Materials, Inc., by and through its Attorney of
Record, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP, 901
Main Street, Suite 5500, Dallas, Texas 75202.

Plaintiff Twyla Sandolph submits to Defendant the following Responses to Defendant's

First Request for Production of Documents pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

BY: _____
Peter Costea
TBN 04855900
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713/337-4304
Fax 713/780-7111
Email: peter@costealaw.com
ATTORNEY FOR PLAINTIFF
TWYLA SANDOLPH

CERTIFICATE OF SERVICE

I certify that on April 20, 2020 I mailed a true and correct copy of the foregoing pleading
to counsel for Defendant, Mr. Mike Birrer, Carrington, Coleman, Sloman & Blumenthal, LLP,
901 Main Street, Suite 5500, Dallas, Texas 75202.

_____
Peter Costea

Page 2

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request for Production no. 1:

      All Materials referenced or identified in Your responses to Interrogatories (as well as any amendments or supplements thereto).

      Response:     Attached.

Request for production no. 2:

      The text messages identified in Your Initial Disclosures.

      Response:     Attached.

Request for production no. 3:

      Excluding attorney/client communications, all Materials relating to any communications between You and any other person relating to this Lawsuit or Your claims in this Lawsuit.

      Response:     Attached.

Request for production no. 4:

      All written or recorded statements, including interviews and affidavits, of any person with knowledge of the facts in this Lawsuit.

      Response:     None.

Request for production no. 5:

      All Materials related to Your suspension on or about June 11, 2018.

      Response:     Attached.

Request for production no. 6:

      Any Materials on social media (Twitter, Facebook, YouTube, Instagram, etc.) that You have made related to Martin Marietta, Your suspension on or about June 11, 2018, Your Charge, or this Lawsuit.

      Response:     Attached.

Request for production no. 7:

Page 3

All Materials relating to Your work or job performance while employed by Martin Marietta. This includes any write-ups, suspensions, or other disciplinary actions taken against You.

      Response:    Attached.

Request for production no. 8:

All Materials related to Your allegation that Joe Hernandez sexually harassed You. This includes all Materials related to the conduct by Mr. Hernandez described by You on pages 5-6 of Your First Amended Petition.

      Response:    Attached.

Request for production no. 9:

All Materials related to any occasion on which You contend You reported to Martin Marietta any sexual harassment or inappropriate conduct by Joe Hernandez between September 10, 2017, and the present. This includes any occasion on which You claim You "brought up to management's attention the coarse speech, filthy language, filthy images and photos as well as the filthy objects given or directed to [You] because of [Your] sex, female."

      Response:    Attached.

Request for production no. 10:

All Materials reflecting any communications from Martin Marietta management to You related to Your alleged complaints of harassment by Joe Hernandez from September 10, 2017, to the present.

      Response:    None.

Request for production no. 11:

All Materials reflecting communications between You and Joe Hernandez between September 10, 2017, and the present.

      Response:    Attached.

Request for production no. 12:

All Materials supporting Your contention that Martin Marietta retaliated against You for reporting the alleged harassment by Joe Hernandez.

Page 4

Response:    Attached.

Request for production no. 13:

All Materials related to Your allegation that Martin Marietta told other employees about Your report of harassment against Joe Hernandez and/or encouraged other employees to harass You as a consequence of Your complaint.

Response:    Attached.

Request for production no. 14:

All Materials related to Your allegation that Malinda Feola asked employees, including Roberto Chavez, to make "untruthful allegations" against You.

Response:    Attached.

Request for production no. 15:

All Materials related to Your allegation that Malinda Feola told You "employees had previously told [Feola] that Plaintiff was being sexually harassed," as alleged in Your complaint.

Response:    Attached.

Request for production no. 16:

All Materials related to Your request to transfer from the Woodway Plant to another Martin Marietta plant (Gholson or otherwise).

Response:    None.

Request for production no. 17:

All Materials related to Your allegation that Martin Marietta management was aware that You were being sexually harassed, other than through Your own complaints.

Response:    Attached.

Request for production no. 18:

All Materials related to the incident on or about June 7, 2018, during which You and Joe Hernandez were involved in a verbal altercation via the Company radio.

Response:    Attached.

Page 5

Request for production no. 19:

All Materials related to Your contention that the harassment by Joe Hernandez "impacted [Your] relationship with [Your] children."

     Response:    None.

Request for production no. 20:

All Materials related to Your contention that Your "medical provider placed [You] on medication as a result of the harassment by Joe Hernandez.

     Response:    None.

Request for production no. 21:

All Materials, including, but not limited to, records, doctor's notes, prescriptions, diagnoses, bills, correspondence, tapes, handwritten notes, invoices, receipts, or fee statements from any hospital, physician, psychologist, psychiatrist, therapist, or other health care provider, relating to medical, psychological, or psychiatric diagnosis, treatment, or counseling received by You from September 10, 2017, through the date of trial. A release form authorizing the disclosure of Materials to Martin Marietta and its counsel is attached hereto as "Exhibit A," and You are instructed to sign the release form and provide it to counsel for Martin Marietta with Your response to these Requests.

     Response:    Attached.

Request for production no. 22:

All Materials demonstrating or reflecting that You were treated differently from employees outside Your protected class, as alleged in Your First Amended Petition.

     Response:    Attached.

Request for production no. 23:

All Materials related to Your allegation that Martin Marietta retaliated against You for filing the Charge.

     Response:    Attached.

Request for production no. 24:

Page 6

All Materials relating to Your damages in this Lawsuit, including, but not limited to, the Materials relating to the occurrence of such damages, each of the elements of such damages, and the computation of such damages.

Response:    Attached.

Request for production no. 25:

All Materials reflecting communications between You and Roberto Chavez between September 10, 2017, and the present.

Response:    None.

Request for production no. 26:

All Materials reflecting communications between You and Alvin Chappell between September 10, 2017, and the present.

Response:    None.

# EXHIBIT 4

1

```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
 2                        WACO DIVISION

 3  TWYLA SANDOLPH,            )
                               )
 4          Plaintiff,         )
                               )
 5  vs.                        ) Case No. 6:19-CV-00516-ADA-JCM
                               )
 6  MARTIN MARIETTA            ) Jury Trial Demanded
    MATERIALS, INC.            )
 7                             )
             Defendant.        )
 8

 9

10

11

12  ********************************************************

13                     ORAL DEPOSITION

14                     TWYLA SANDOLPH

15                    December 8, 2022

16                       (VOLUME 1)

17  ********************************************************

18

19

20      ORAL DEPOSITION OF TWYLA SANDOLPH, produced as a
    witness at the instance of the Defendant and duly sworn,
21  was taken in the above-styled and numbered cause on the
    8th day of December, 2022, from 8:50 a.m. to 3:11 p.m.,
22  before Jennifer Lynn Marquardt, Certified Shorthand
    Reporter in and for the State of Texas, reported by
23  computerized stenotype machine at the Law Office of
    Peter Costea:  4544 Post Oak Place, Suite 350, Houston,
24  Texas 77027, pursuant to the Federal Rules of Civil
    Procedure and the provisions stated on the record or
25  attached hereto.
```

6

1          (It was agreed by all parties present to

2          waive Federal Rule 30(b)(5)(A))

3          THE REPORTER:  Okay.  Today is December 8,

4    2022, and I have the time as 8:50 a.m. Central time.

5    This is pursuant to Federal Rules of Civil Procedure.

6                    TWYLA SANDOLPH,

7    having been first duly sworn, testified as follows:

8                    EXAMINATION

9    Q.   (BY MR. BIRRER) Ms. Sandolph, my name is Mike

10   Birrer, and I'm an attorney representing Martin

11   Marietta.

12   A.   Uh-huh.

13   Q.   And I'm gonna be asking you questions today.

14   A.   Okay.

15   Q.   And so if, at any time, you don't understand

16   one of my questions, will you let me know that?

17   A.   Yes.

18   Q.   And if you go ahead and answer, I'm going to

19   assume that you understood the question and you're

20   answering accordingly.  All right?

21   A.   Okay.

22   Q.   Could you please state your name for the

23   record.

24   A.   Twyla Sandolph.

25   Q.   What's your current mailing address?

79

1    talked to -- there was one occasion when you spoke with

2    Manuel about the issue of hours, correct?

3        A.   Yes.

4        Q.   Okay.  Any other time that you can specifically

5    remember speaking to Manuel about Joe other than those

6    two?

7        A.   I spoke to him about the -- the messages, the

8    videos.

9        Q.   And when was that?

10       A.   Maybe two days after Joe showed me the videos.

11       Q.   Do -- you don't remember the month or year?

12       A.   Joe showed me videos, at least, five times,

13   so --

14       Q.   And do you remember the first time?

15       A.   The first time was 2017.  It had to be May --

16   May or June.

17       Q.   And when was the last time?

18       A.   The last time had to be -- may have been in

19   2018.  This -- this was around the time he gave me the

20   Mardi Gras object.

21       Q.   And is that the -- the anatomically correct

22   doll that you've given a picture of in your --

23       A.   Yes.

24       Q.   -- discovery?  Okay.

25            So -- so the -- so sometime -- the first

SANDOLPH v                                                    Twyla Sandolph
MARTIN MARIETTA MATERIALS, INC.                          December 08, 2022

256

1              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TEXAS
2                        WACO DIVISION

3    TWYLA SANDOLPH,            )
                                )
4            Plaintiff,         )
                                )
5    vs.                        ) Case No. 6:19-CV-00516-ADA-JCM
                                )
6    MARTIN MARIETTA            ) Jury Trial Demanded
     MATERIALS, INC.            )
7                               )
             Defendant.         )
8

9

10                   REPORTER'S CERTIFICATE

11          ORAL DEPOSITION OF TWYLA SANDOLPH

12                    December 8, 2022

13                      (VOLUME 1)

14

15      I, Jennifer L. Marquardt, the undersigned Certified

16   Shorthand Reporter in and for the State of Texas do

17   herby certify to the following:

18      That the witness, Twyla Sandolph, was duly sworn by

19   the court reporter, and that the transcript of the oral

20   deposition is a true record of the testimony given by

21   the witness;

22      I further certify that pursuant of FRCP Rule

23   30(e)(1) that the signature of the deponent:

24        XX  was requested by the deponent or a party

25   before the completion of the deposition and is to be

257

1  returned within 30 days from the date of receipt of the

2  transcript.  If returned, the attached Changes and

3  Signature page contains any changes and the reasons

4  therefor;

5       __ was not requested and/or was waived by the

6  deponent or any party present before the completion of

7  the deposition;

8     That pursuant to information given to the deposition

9  officer at the time said testimony was taken, the

10  following includes all parties of record and the amount

11  of time used by each party present at the time of the

12  deposition:

13     1.   PETER COSTEA:  (00Hr:19m)
             Attorney for the Plaintiff, Twyla Sandolph
14
       2.   MIKE BIRRER :  (04Hr:45m)
15           Attorney for the Defendant, Martin Marietta
             Materials, Inc.
16

17     That $_____ is the deposition officer's charges

18  to the Defendant, Martin Marietta Materials, Inc.; Mike

19  Birrer, Carrington Coleman, L.L.P.:  901 Main Street,

20  Suite 5500, Dallas, Texas 75202 for preparing the

21  original deposition and any copies of exhibits.

22      I further certify that I am neither attorney or

23  counsel for, related to, nor employed by any parties to

24  the action in which this testimony is taken and,

25  further, that I am not a relative or employee of any

258

1   counsel employed by the parties hereto or financially

2   interested in the action.

3        SUBSCRIBED AND SWORN TO under my hand and seal of

4   office on this the 26th day of December, 2022.

5

6

7                    Jennifer L. Marquardt, CSR
                     Texas CSR No. 7034
8                    Expiration:  04/30/2024
                     LEXITAS
9                    Firm's Registration No. 95
                     13101 Northwest Freeway, Suite 210
10                   Houston, Texas 77040
                     Telephone:  (281)469-5580
11                   Facsimile:  (713)460-2525

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 5



Carrington, Coleman, Sloman & Blumenthal, L.L.P. ▪ 901 Main Street, Suite 5500 ▪ Dallas, Texas 75202 ▪ 214.855.3000 ▪ fax: 214.855.1333

**Attorneys at Law**
**Tax ID #75-1315313**
**Email: ccsb@ccsb.com**

July 26, 2023                                                     Bill #:  384460
TO:                                                                        Page 1
H. Wayne Phears
Associate General Counsel - Litigation
Martin Marietta Materials
4123 Parklake Avenue
Raleigh, NC  27612

028351 Martin Marietta Materials
 0053   Sandolph, Twyla
  Claim Number: 20140009

Professional services rendered through 07/05/2023 to 07/06/23:
|  | Fees | $ | 23,205.00 |
|  | LESS Fee Discount | $ | -2,320.50 |
|  | Total Fees | $ | 20,884.50 |
|  | Total Disbursements | $ | 1,133.10 |
|  | TOTAL FEES AND DISBURSEMENTS | $ | 22,017.60 |
|  | TOTAL AMOUNT DUE | $ | 22,017.60 |

Total Amount Due By August 16, 2023

| MAIL PAYMENTS TO: | WIRE INSTRUCTIONS: | ACH INSTRUCTIONS: | CREDIT CARD OR ONLINE PAYMENTS: |
|---|---|---|---|
| Carrington, Coleman | Regions Bank | Regions Bank | Payments can be made directly using the Firm's website.  Direct link here: |
| ATTN: Accounting Dept. | 1717 McKinney Av. | 1717 McKinney Av. | http://www.ccsb.com/our-firm/existing-clients/ |
| 901 Main St., Suite #5500 | Dallas, TX  75202 | Dallas, TX  75202 | |
| Dallas, TX  75202 | ABA# 062005690 | ABA# 111900785 | |
|  | ACCT # 0209396055 | ACCT # 0209396055 | |
|  | Swift # UPNBUS44 | Swift # UPNBUS44 | |

*To ensure proper payment application, please provide bill number with all payments.  For account or payment assistance, please email: Receipts@ccsb.com*



**CARRINGTON COLEMAN**

Carrington, Coleman, Sloman & Blumenthal, L.L.P. ▪ 901 Main Street, Suite 5500 ▪ Dallas, Texas 75202 ▪ 214.855.3000 ▪ fax: 214.855.1333

Attorneys at Law
Tax ID #75-1315313
Email: ccsb@ccsb.com
07/26/23

Bill Number:  384460
Page 2

## DETAIL OF PROFESSIONAL SERVICES RENDERED

| DATE | DESCRIPTION OF SERVICES | TKPR | HOURS |
|------|-------------------------|------|-------|
| 07/05/23 | Trial (at Courthouse) (8.0) Trial Preparation for Day 2 (4.8) | MAB | 12.80 |
| 07/05/23 | In trial (jury selection, opening, started Sandolph), including prep time before and after. | PLG | 14.00 |
| 07/06/23 | Trial Prep for Day 2 (1.9)  Trial (at Courthouse) (3.0) Post-Mistrial strategy analysis (.6) | MAB | 5.50 |
| 07/06/23 | Prepping for trial day (1.4); in trial until mistrial granted, and then strategy with client and witnesses at the court (3.0); strategy/analysis with M. Birrer on next steps (.5). | PLG | 4.90 |
| | TOTAL | | 37.20 |



Carrington, Coleman, Sloman & Blumenthal, L.L.P. ▪ 901 Main Street, Suite 5500 ▪ Dallas, Texas 75202 ▪ 214.855.3000 ▪ fax: 214.855.1333

**Attorneys at Law**
**Tax ID #75-1315313**
**Email: ccsb@ccsb.com**
07/26/23

Bill Number:  384460
Page 3

DESCRIPTION OF EXPENSES

DISBURSEMENT SUMMARY

| DESCRIPTION | AMOUNT |
|---|---|
| Meals (Business): | 100.67 |
| Travel expenses: | 1,032.43 |
| TOTAL DISBURSEMENTS | $1,133.10 |

DISBURSEMENT DETAIL

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 07/06/23 | Meals (Business): Vendor: Mike Birrer; Invoice#: 70623; Date: 7/6/2023  -  Travel to: Waco, Texas  Departure: 07/04/2023 - Return: 07/06/2023; Meals: $100.67 | 100.67 |
| 07/06/23 | Travel expenses: Vendor: Mike Birrer; Invoice#: 70623; Date: 7/6/2023  -  Travel to: Waco, Texas  Departure: 07/04/2023 - Return: 07/06/2023; Hotel: $770.91; Mileage: 190 mile @ 65.5 cents: $124.45 | 895.36 |
| 07/06/23 | Travel expenses: Vendor: Taylor, Carolyn F; Invoice#: 70723; Date: 7/6/2023  -  Reimburse for mileage from CCSB to US District Courthouse and back - day trip: $127.07 - Parking fee: $10.00 | 137.07 |
| | TOTAL DISBURSEMENTS | $1,133.10 |