UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TWYLA SANDOLPH, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. W-19-CV-00516-ADA |
| MARTIN MARIETTA MATERIALS, INC., | § § § § | |
| Defendant. | § | |

### ORDER REGARDING CROSS-MOTIONS FOR SANCTIONS

Before the Court are the parties' cross-motions for sanctions. Defendant Martin Marietta Materials, Inc. ("MM") moved for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority against plaintiff Twyla Sandolph's counsel, Peter Costea of The Law Offices of Peter Costea, for causing a mistrial using a lewd figurine. ECF No. 81. Sandolph opposes, ECF No. 82, and MM replies, ECF No. 83. Plaintiff Sandolph filed a Fed. R. Civ. P. 11 motion, arguing that MM filed a Rule 12(b)(6) motion containing false statements and for an improper purpose. ECF No. 84. MM opposes, ECF No. 85, and Sandolph replies, ECF No. 86. After a careful consideration of the parties' briefing, the relevant facts, and the applicable law, the Court **GRANTS** MM's motion and **DENIES** Sandolph's motion for the reasons stated below.

Sandolph's Motion

Sandolph's motion focuses on MM's Rule 12(b)(6) motion to dismiss, ECF No. 4, which was filed on September 5, 2019. The crux of that motion was that Sandolph had presented claims outside the scope of her Texas Workforce Commission Charge of Discrimination, thus failing to exhaust her administrative remedies. One such challenged claim was Sandolph's hostile work environment claim, which was based in part on conduct by Alvin Chapelle, Manuel Alaniz, and other

unidentified individuals. But, according to MM's motion, Sandolph's Charge focused purely on conduct by Joe Hernandez. The motion claims, "Plaintiff's Charge would not have triggered an investigation into these additional allegations. It is not reasonable that an investigator, faced only with a claim of harassment by one specific individual that allegedly led to a suspension, would have investigated unrelated conduct by unrelated and unnamed individuals." ECF No. 4 at 8 (the "First Statement"). The motion also argues, "[Sandolph] cannot now expand her claims to include people of which neither the investigator nor Martin Marietta had knowledge and conduct which neither had the opportunity to resolve." *Id.* at 9 (the "Second Statement").

Sandolph argues that discovery into MM's internal investigation of her allegations has proven both statements false. Sandolph's counsel Costea states he was unaware these statements were false until, at the latest, January 2023, when fact discovery closed. MM counters that Sandolph is conflating the scope of the *EEOC/TWC's* investigation into the Charge with the scope of *MM's* internal investigation of the Charge. MM further argues that Sandolph has waived the right to seek sanctions by failing to bring her motion for more than half a year, during which time a joint pretrial order was entered, and a trial was held (and cut short through mistrial).

Both MM and Sandolph request attorney's fees for having to draft their respective briefing. Sandolph also requests reinstatement of her state court suit.

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney certifies to the best of their knowledge, after an "inquiry reasonable under the circumstances," that the "pleading, written motion, or other paper" they present to the Court is not for "any improper purpose." Fed. R. Civ. P. 11(b). An attorney also certifies that "the claims, defenses, and other legal contentions are warranted." *Id.* Further, an attorney certifies that their "factual contentions have evidentiary support" and that any "denial[s] of factual contentions are warranted on the evidence" or "reasonably

based on belief or lack of information." *Id.* "[A]n attorney may not remain idle after a 'motion, pleading, or other paper' filed in violation of Rule 11 by his opponent has come to his attention." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988) (en banc).

Sandolph's motion is untimely and unmeritorious. Starting with timing, Costea admits that at the latest he was aware of the basis for Rule 11 sanctions in January 2023. *See* ECF No. 84 at 2. MM's counsel commented on a draft of the motion on August 11, 2023. ECF No. 85-2. Sandolph therefore delayed in drafting the motion for roughly half a year. The Court holds that this length of delay is enough to defeat prompt notice. Even if it wasn't, the Court notes that the delay period lasted from the end of discovery through trial on the trimmed-down case. Sandolph therefore allowed a case she alleges was wrongly gutted to be tried, rather than flag her arguments to opposing counsel and the Court while something could still be done about the trial. Under these circumstances, Sandolph failed to act promptly in giving notice to MM of alleged Rule 11 violations. On that basis, the Court will deny the motion. *Cf. Trevino v. Holly Sugar Corp.*, 811 F.2d 896 (5th Cir. 1987).

To be comprehensive, the Court also denies Sandolph's motion after reviewing the merits. Sandolph's Charge only mentions harassment by Hernandez. ECF No. 84-2 at 2. The First Statement uses that fact to argue that the Charge would not have triggered an EEOC investigation into harassment by Chapelle, Alaniz, and other unidentified individuals. From that context, the First Statement is not, as Sandolph alleges, false. The fact that *MM*'s internal investigation went beyond Hernandez does not prove that the EEOC would have investigated the additional allegations. As for the Second Statement, Sandolph admits that MM's internal investigation arose *after* the Charge was served. *See* ECF No. 84 at 6. The sentence before the Second Statement is, "Plaintiff, *in her Charge*, specified the sole individual she believed to be harassing her." *Id.* at 9 (emphasis added).

3

From context, the parts of the Second Statement referring to MM not having knowledge or an opportunity to resolve the non-Hernandez claims are discussing the time at which the Charge was filed. And, since the internal investigation postdates the Charge, the Second Statement is not false. Sandolph's motion therefore fails to establish the elements required for Rule 11 liability.

Under Fed. R. Civ. P. 11(c)(2), the Court deems it warranted to award to MM, as the prevailing party, "the reasonable expenses, including attorney's fees, incurred for the motion." "The court is not required to apply the lodestar method to calculate reasonable expenses under Rule 11(c)(2) . . . ." *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014). First, an attorney's fees award is warranted given the weakness of the motion and the delay in bringing it. Also, there is troubling evidence that Sandolph's motion was filed as a bad faith "tit-for-tat" once Costea was given notice of MM's intent to file a sanctions motion. *See* ECF No. 81-3. As for reasonableness, the Court has reviewed the Declaration of Kelli Hinson, ECF No. 85-3, that lays the basis for MM's requested fees. The Court is satisfied by Hinson's judgment of the reasonableness of the rates and hours spent considering her significant professional experience. Hinson's table shows 30.3 hours worked among three people to handle both pre-filing communications and the response to the sanctions motion. Hinson estimates a further five hours for reviewing and analyzing the reply brief. The Court is, again, satisfied that Hinson's numbers are reasonable and warranted and will therefore award MM's requested amount of attorney's fees for prevailing. This award is made jointly against Peter Costea and The Law Offices of Peter Costea.

Sandolph's motion for Rule 11 sanctions is **DENIED**.[1] Peter Costea and The Law Offices of Peter Costea are jointly liable for payment of MM's reasonable expenses, including attorney's fees, incurred in opposing the motion in the amount of $21,310.65.

<u>Martin Marietta Materials's Motion</u>

MM's motion focuses on the mistrial granted in this case. Trial in this employment discrimination case was cut short when Sandolph's counsel Costea showed the jury a lewd figurine that was not in evidence or on Sandolph's exhibit list. After the Court admonished counsel not to show the figurine to the jury, Costea set it on counsel table in full view of the jurors. Ultimately, despite giving a curative instruction, the Court granted MM's motion for a mistrial.

MM argues that Costea disobeyed the rules five ways: by failing to disclose the figurine during discovery, failing to designate the figurine on the exhibit list, failing to make the figurine available to MM's counsel for inspection, failing to admit the figurine into evidence before showing it to the jury, and failing to put the figurine away properly after being admonished by the Court. MM argues that this conduct constitutes bad faith and willful disobedience.

Sandolph counters that MM's counsel has made false statements and violated the Court's order regarding discovery disputes. Sandolph notes that the figurine's existence and a photo of it have been disclosed and produced in discovery. Indeed, Sandolph faults MM's requests for production for not mentioning the figurine. Sandolph also claims her counsel gave the figurine to MM's counsel during a break in Sandolph's deposition. Based on this, Sandolph claims MM brought up a discovery dispute in front of the jury when claiming that the figurine was never

---

[1] In the reply brief, Costea argues that his failure to object to Magistrate Judge Manske's Report and Recommendation for MM's 12(b)(6) motion is "of no consequence." ECF No. 86 at 4. According to Costea, he was "prevented . . . from taking any timely action" because he was outside of the United States during the entire two-week objection period. The failure to object does not affect the disposition of this sanctions motion. However, the Court notes that international travel is not an excuse for missing a deadline.

produced. As for Costea's trial performance, Sandolph argues the figurine was initially only shown to the witness and not published, and that the relevant events occurred over two minutes, not "a long period." *See* ECF No. 82 at 7. Costea points to his "long practice of handling tangible things in trial," and notes that the photo of the figurine was a trial exhibit. *Id.* at 8. Finally, Sandolph argues her counsel did not disobey a court order and that any errors were inadvertent, not willful.

As a reminder, MM's motion is under 28 U.S.C. § 1927 and the Court's inherent authority, not Rule 11. ECF No. 81 at 1. Thus, as MM recognizes, the Court cannot impose § 1927 sanctions for "mere negligence"—MM must show that Costea "acted in bad faith, with improper motive, or with a reckless disregard of the duty owed to the court." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995); ECF No. 81 at 4. The Court must also find that the multiplication of proceedings was both unreasonable and vexatious. *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023). The Court must "make detailed factual findings" that "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (footnotes omitted).

The Court finds that the facts are as described by MM in its brief and as described by the Court itself in its Order Granting Mistrial, ECF No. 76. On that basis, Costea has acted unreasonably, vexatiously, and at least with reckless disregard of the duty owed to the Court. As such, for this motion, the Court sanctions Costea under 28 U.S.C. § 1927 only.[2] Costea acted in a

---

[2] Because the Court decides that sanctions are warranted under § 1927, it declines to reach MM's inherent authority arguments. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.").

sanctionable manner by showing to the jury an object not on the exhibit list and by failing to properly conceal the figurine from the jury's view after being admonished by the Court to do so. As stated on the record, by failing to follow evidentiary protocols, Costea deprived MM of its opportunity to object and possibly prevent the jury from seeing the figurine. *See* ECF No. 78 at 133–35. These evidentiary issues are distinct from the merits of Sandolph's case. Costea recklessly disregarded his duties to the Court because, as a self-admitted experienced attorney who has practiced for over thirty years and litigated "over a thousand lawsuits and arbitrations," Costea should have known 1) the difference between admitting a photograph of an object and the object itself, and 2) the importance of properly concealing an object from the jury after having heard the Court's admonition to the jurors that they "need to forget that [they] ever saw that object." *See* ECF No. 81-2 at 113; 84-10 at 1. As a result of Costea's misconduct, the proceedings have multiplied because another trial is necessary. Costea's unreasonable and vexatious actions caused this multiplication. The elements of § 1927 have been established.

 Having decided that sanctions are warranted, the Court must next decide what amount to award. The Court, upon review of the Declaration of Mike Birrer, ECF No. 81-1, is satisfied that MM's request for $23,938.77 is reasonable. $20,884.50 represents the discounted attorney's fees for two attorneys over two trial days, each working eighteen to nineteen hours over this period. This represents a reasonable amount of work, and the Court is persuaded based on Birrer's experience that the rates charged are reasonable. The travel expenses for both attorneys, including meals, hotels, and travel, summed up to $1,133.10. Similarly, two client employees caused hotel and airfare charges of $1,921.17. The Court is persuaded that these figures are reasonable as well. Therefore, the Court awards MM its full requested amount of $23,938.77. This amount is linked in size to the sanctionable conduct and is associated with the persistent prosecution of a meritless

claim because the amount represents money wasted on a trial that had to be terminated early due to Costea's misconduct. Under Fifth Circuit precedent, this award must be made against Peter Costea as an individual attorney, not against The Law Offices of Peter Costea. *See Vaughan*, 62 F.4th at 208.

\* \* \*

For the foregoing reasons, MM's motion is **GRANTED** and Sandolph's motion is **DENIED**. Sandolph's counsel Peter Costea is personally liable to MM for $23,938.77 for the misconduct described in MM's motion. Peter Costea and The Law Offices of Peter Costea are jointly liable to MM for $21,310.65 as reasonable expenses, including attorney's fees, incurred in successfully opposing Sandolph's motion. MM is therefore owed a total of $45,249.42. The Court **ORDERS** that Peter Costea and The Law Offices of Peter Costea must tender payment of that entire amount to MM's Counsel within thirty (30) days of this Order. Plaintiff Twyla Sandolph is not personally liable for these sanctions.

**SIGNED** this 27th day of October, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE